IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT CHRISTOPHER REED                                                    PLAINTIFF

v.                              Civil No. 6:18-cv-6007

DOE TEACHER, T.V.P./OMEGA UNIT                                            DEFENDANT

### ORDER

This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

Plaintiff Robert Christopher Reed filed his Complaint on January 9, 2018. The Court directed Plaintiff to file an Amended Complaint, and he did so on January 29, 2018. Plaintiff alleges that his constitutional rights were violated by the use of excessive force when he was incarcerated in the Arkansas Community Correction ("ACC") T.V.P./Omega Unit. He specifically alleges that in the first week of January 2016, he was attending anger management class when Defendant, the class teacher, threw a chair at him, the chair struck him, and Defendant walked out. Plaintiff proceeds against Defendant in both his official and individual capacities. Plaintiff seeks compensatory and punitive damages.

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff's official capacity claim against the ACC teacher is subject to dismissal because it seeks monetary relief from a defendant who is immune from such relief. An official capacity claim

1

against an ACC employee is essentially a claim against the State of Arkansas. *Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919, 924 (2002). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "This bar exists whether the relief sought is legal or equitable." *Id.* (quoting *Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991).

Nothing indicates that the State of Arkansas and its agencies have consented to suit in federal court. Because Plaintiff requests only monetary damages, Plaintiff's claims against the State of Arkansas are barred by sovereign immunity. *See Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (utilizing sovereign immunity to dismiss official capacity claims for money damages against state employees in a section 1983 case). Alternatively, Plaintiff's official capacity claim should be dismissed because the ACC not a "person" for section 1983 purposes. *Id.* (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989)).

For these reasons, the Court finds that that Plaintiff's official capacity claim should be and hereby is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's individual capacity claim remains for further consideration. The Court will address the issue of service in a separate order.

**IT IS SO ORDERED**, this 8th day of March, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge