IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


ROBERT CHRISTOPHER REED                                                         PLAINTIFF

v.                                           Civil No.: 6:18-CV-06007

PAULA EVANS (also known as Doe                                                  DEFENDANT
Teacher)


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to provide a proper service address for Defendant Evans.

### I. BACKGROUND

Plaintiff filed his Complaint on January 9, 2018, in the Eastern District of Arkansas. (ECF No. 2). It was transferred to this District on January 11, 2018. (ECF No. 4). Summons to Defendant Evans (then Defendant Doe Teacher) was returned unexecuted on March 20, 2018, indicating the facility believed they may know the identity of Doe Teacher, but needed more information. (ECF No. 15). On March 21, 2018, and April 27, 2018, the Court entered an Order directing Plaintiff to provide additional service information for the Defendant. In both Orders, Plaintiff was advised that it was his responsibility to provide service identification for Defendant, and failure to do so would result in the dismissal of Defendant as a party in the case. (ECF Nos. 16, 18). After granting Plaintiff two extensions of time to provide the information (ECF Nos. 20,

22), the Court entered an Order directing the Administrator of the Arkansas Community Correction Omega T.V.P. Unit to provide the name and last-known address of Doe Teacher. (ECF No. 24). The Administrator identified Doe Teacher as Paula Evans and provided a residential address.[1] Summons was sent to this last-known address on July 16, 2018. (ECF Nos. 26, 28). The summons was returned unexecuted on September 6, 2018. (ECF No. 30). To date, Plaintiff has provided no additional information with which to serve Defendant Evans and has not provided any reason for his failure to do so.

Pursuant to Fed. R. Civ. P. 4(m), if a Defendant is not served within 90 days after the Complaint is filed, and Plaintiff has not shown good cause for the delay, the Court must dismiss the Complaint without prejudice. *See DuBois v. Ware,* 600 Fed. App'x, 495, 496 (8th Cir. 2015) (a "plaintiff proceeding in forma pauperis may not remain silent and do nothing after receiving notice of failure to effectuate service; where Rule 4(m) dismissal occurred 170 days after filing of complaint and plaintiff was warned of dismissal should he not serve defendants, there was no abuse of discretion.") (citation omitted).

In this case, nine months have passed since Plaintiff filed his Complaint on January 9, 2018. Defendant Evans was identified as the Doe Teacher in the case on July 16, 2018, and summons to her was returned unexecuted on September 6, 2018. More than 90 days have passed since the identify and last-known address of Defendant Evans was filed in this case. Plaintiff has provided no additional information to attempt service for the third time on Defendant Evans and has alleged no good cause for failing to provide that information to the Court. The Court has taken all possible steps to aid Plaintiff in identifying and serving Defendant Evans. "[T]he Court cannot become an advocate for, or agent of, either side of a case, and, as a result, tracing defendants who

---

[1] The provision of a residential address indicates Defendant Evans is no longer employed with the facility.

have left their former governmental employment must be left to the devices of a plaintiff and his family, friends or agents." *Boyles v. Hobbs*, Case No. 206CV00176WRWHDY, 2009 WL 647671, at *3 (E.D. Ark. Mar. 11, 2009) (internal modifications omitted).

Accordingly, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of October 2018**.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

3