IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT CHRISTOPHER REED                                       PLAINTIFF

v.                          Civil No. 6:18-cv-6007

PAULA EVANS (also known as Doe Teacher)                        DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation filed October 19, 2018, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 31). Plaintiff Robert Christopher Reed has filed objections. (ECF No. 32). The Court finds the matter ripe for consideration.

On January 9, 2018, Plaintiff filed this case pursuant to 42 U.S.C. § 1983, alleging constitutional violations that occurred while he was incarcerated in the Arkansas Community Correction T.V.P. Omega Unit.[1] Specifically, Plaintiff alleges that in the first week of January 2016, he was attending an anger management class when Defendant Doe Teacher, the class teacher, threw a chair that struck and injured him.

On March 9, 2018, the Court issued summons to Defendant Doe Teacher at the T.V.P. Omega Unit. On March 20, 2018, the summons was returned unexecuted with a note that the facility was unable to ascertain Defendant Doe Teacher's identify without additional information. On March 21, 2018, and April 27, 2018, the Court entered orders directing Plaintiff to provide additional information for Defendant Doe Teacher. The Court's orders further informed Plaintiff that failure to provide additional information could result in the dismissal of his claims. On May

---

[1] Plaintiff is currently incarcerated in the United States Penitentiary, Beaumont, Texas.

18, 2018, and June 13, 2018, the Court granted Plaintiff extensions of time in which to provide service information for Defendant Doe Teacher.

On July 9, 2018, Plaintiff moved the Court to order Phillip Glover, the administrator of the Arkansas Community Correction T.V.P. Omega Unit, to provide the name and last-known address of Defendant Doe Teacher. The Court granted this motion and ordered Mr. Glover to provide service information for the "Doe anger management teacher who was in charge of the T.V.P. class attended by [Plaintiff] during the first week of January 2016." (ECF No. 24). On July 16, 2018, Mr. Glover responded to the Court's order, identifying Defendant Doe Teacher as Paula Evans and providing a residential address.[2] Also on July 16, 2018, the Court issued service to Defendant Evans' address, which was subsequently returned unexecuted on September 6, 2018.

On October 19, 2018, Judge Marschewski issued the instant Report and Recommendation. Judge Marschewski recommends that the Court dismiss Plaintiff's case without prejudice for failure to serve Defendant Evans within the Federal Rule of Civil Procedure's prescribed time to do so. Specifically, Judge Marschewski finds that Plaintiff filed this action on January 9, 2018 and that, to date, Plaintiff has not provided the Court with information allowing Defendant Evans to be served. Judge Marschewski states that the Court cannot become an agent for Plaintiff by tracing Defendant Evans' location and, accordingly, Judge Marschewski concludes that the Court should dismiss Plaintiff's claims without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

On November 2, 2018, Plaintiff filed objections to the Report and Recommendation. Plaintiff states that Mr. Glover incorrectly identified Defendant Doe Teacher as Paula Evans because Defendant Doe Teacher is male. Plaintiff states further that Defendant Doe Teacher's

---

[2] Subsequently, the docket was changed to reflect Defendant Evans as the formerly named Defendant Doe Teacher.

name is listed on a written grievance that Plaintiff filed with the Arkansas Community Correction T.V.P. Omega Unit. Plaintiff asks the Court to order Mr. Glover to produce discovery materials related to Plaintiff's grievance form, disciplinary record, and incident report so that Defendant Doe Teacher can be correctly identified and served.[3]

A plaintiff generally shoulders the responsibility to serve a copy of his complaint and the summons upon a defendant within the time provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(c)(1). However, in the case of a plaintiff proceeding *in forma pauperis*, like Plaintiff in this case, the Court is obligated to issue process to a United States Marshal, who must then effectuate service upon the defendant. *See* 28 U.S.C. § 1915(c). Although Plaintiff is relieved of the responsibility for service of a summons and complaint, he must still provide the Court with enough information to enable the United States Marshal to effectuate service of process on a defendant. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service must be made within a specified time." Fed. R. Civ. P. 4(m). However, Rule 4(m) also requires that a court extend the time for service for an "appropriate period" in situations where a plaintiff shows "good cause" for failing to serve a defendant within the ninety-day time for service. *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). Alternatively, if a plaintiff fails to show good cause, a court may extend the time for service rather than dismiss the case against the unserved defendant if the plaintiff establishes excusable neglect for such a discretionary extension. *Id.*

---

[3] Without elaborating, Plaintiff also asks for leave to amend his complaint to add "the Administrator of the Arkansas Community Correction Omega T.V.P. Unit" as a defendant to this matter. This order will not address this request, however, because it is not properly put before the Court. Such a request should be made in a separate motion, not in objections to a Report and Recommendation.

As an initial matter, the Court notes that Plaintiff does not dispute Judge Marschewski's finding that Plaintiff has failed to provide any identifying information with which the United States Marshal can effectuate service of process on Defendant Doe Teacher. Moreover, Plaintiff's objections do not provide information with which the United States Marshal can serve Defendant Doe Teacher. Instead, Plaintiff objects by asserting—for the first time, as far as the Court can tell—that Defendant Doe Teacher is not Paula Evans and that Defendant Doe Teacher's identity is contained within an unspecified written grievance that Plaintiff filed at some unspecified time when he was incarcerated in the Arkansas Community Correction T.V.P. Omega Unit from November 2015 through February 2016. Although Plaintiff does not explicitly argue that his time to serve Defendant Doe Teacher should be extended, he does ask that the Court "hold this [c]ivil action" until he is able to identify and serve Defendant Doe Teacher. The Court will construe this as an argument for an extension of Plaintiff's time to serve Defendant Doe Teacher.

Upon consideration, the Court finds that Plaintiff has not demonstrated good cause for a mandatory extension of his time to serve Defendant Doe Teacher. Plaintiff offers no explanation why he has only now asserted that Mr. Glover incorrectly identified Defendant Doe Teacher or why he cannot obtain his purported grievance or otherwise identify Defendant Doe Teacher without the Court's assistance.[4] Moreover, the Court twice warned Plaintiff that this case could be dismissed if he failed to provide identifying information for Defendant Doe Teacher and the Court has twice granted month-long extensions of Plaintiff's time to provide identifying information. When Plaintiff asked the Court to order Mr. Glover to identify Defendant Doe Teacher, the Court accommodated Plaintiff's request, and Mr. Glover provided responsive

---

[4] In fact, Plaintiff appears to concede that he could send correspondence to this effect, stating that he is currently incarcerated in the U.S.P. Beaumont and that "he has no other way of contacting the defendant other than through the Court or via U.S. Mail." (ECF No. 32, p. 1). In addition, Plaintiff attaches to his objections a letter that he wrote on October 29, 2018, addressed to Mr. Glover, in which he requests the name and address of the person he filed a grievance against. It is unclear whether Plaintiff mailed this letter to Mr. Glover and, if so, when.

information to the Court's order. Afterwards, Plaintiff waited until Judge Marschewski filed a Report and Recommendation recommending dismissal of his case before asserting that Mr. Glover's information was incorrect. In any event, Plaintiff's twice-extended time to serve Defendant Doe Teacher has expired and, absent any additional information from Plaintiff, the Court finds that Plaintiff has not shown good cause for an extension. For the same reasons, the Court finds that Plaintiff has not demonstrated excusable neglect for a permissive extension of time.

Although *pro se* plaintiffs are afforded leniency, they still must comply with the Federal Rules of Civil Procedure. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam). It is undisputed that Plaintiff has failed to comply with Rule 4(m) in this case by providing the Court with sufficient information for the United States Marshal to serve Defendant Doe Teacher, even after receiving multiple extensions of time in which to do so. Thus, the Court finds that Rule 4(m) requires the dismissal without prejudice of Plaintiff's claims against Defendant Doe Teacher.[5] The Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Marschewski's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 31) *in toto*. Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[5] Rule 4(m) instructs that a court acting *sua sponte* must first provide the plaintiff notice before dismissing an unserved defendant. In this case, the Court's repeated instructions to Plaintiff that his case could be dismissed if he did not provide identifying information for Defendant Doe Teacher constitutes sufficient notice as contemplated by Rule 4(m). *See Russell v. Corr. Med. Servs.*, No. 5:11-cv-0159-SWW-JTK, 2011 WL 6306611, at *1-2 (E.D. Ark. Dec. 2, 2011) (finding that Rule 4(m)'s notice requirement was satisfied by a court's order warning the plaintiff that his failure to provide identifying information for a defendant could result in dismissal of the case), *report and recommendation adopted*, No. 5:11-cv-0159-SWW, 2011 WL 6306723 (E.D. Ark. Dec. 15, 2011).